THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SEAN C. OWEN,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>        Respondent. | MEMORANDUM DECISION & ORDER DENYING HABEAS CORPUS PETITION AND DENYING [21] MOTION TO VACATE COURT'S ORDER<br><br>Case No. 2:18-CV-434-DBB<br><br>District Judge David Barlow |

  Utah State Prison inmate, Sean C. Owen, initiated this federal case by filing an unconventional pleading, entitled, "Complaint."[1] The nearly ninety pages, written memoir style, set forth in detail Owen's perspective on the illegal sexual acts in which he victimized a minor. He is imprisoned now for these criminal acts.

  Petitioner categorizes his causes of action as violations of due process and equal protection (e.g., "I'm claiming that the prohibition against someone over the age of 18 engaging in sexual activity under the age of 18 but who is post-pubescent is a violation of the Liberty and Equality granted by the U.S Constitution").[2] He claims that prohibiting sexual acts between adults and post-pubescent children violates fundamental human rights.[3]

  Petitioner states in his initial pleading that he "enter[ed] into a consensual sexual relationship with [victim] from when she was 14 to when she was 17," and told the judge in his criminal proceedings that he "was not going to deny the sexual activity."[4] He does not claim

---

[1] ECF No. 5.
[2] ECF Nos. 5 at 4.
[3] ECF No. 5 at 4-15. Obviously, to the extent that Petitioner intends to assert his claim on behalf of minors, he has no standing.
[4] *Id.* at 6.

1

innocence or insufficient evidence, but instead seeks to justify sexual activity between adults and post-pubescent children.

Petitioner has not asked for a particular form of relief for himself: neither the kind of monetary damages that would indicate a civil rights cause of action,[5] 42 U.S.C.S. § 1983 (2021), nor the release from prison that characterizes habeas corpus claims.[6] Instead, he has asked that the statutes under which he was convicted be ruled unconstitutional. But such a ruling would necessarily invalidate his conviction and so falls within the subject matter of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Because Petitioner's Complaint is frivolous and does not meet the § 2254 standard, and because Petitioner has repeatedly failed to follow court orders,[7] his Complaint is denied with prejudice.

## SCREENING ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[8] Indeed, "it is well established that '[the] district court [may] dismiss summarily [a] petition on the merits when no claim for relief is stated.'"[9] And, "precedent allows a district court to recognize affirmative defenses sua sponte in the habeas context."[10] After all,

---

[5] 42 U.S.C.S. § 1983 (2021).
[6] *Id.* at § 2254.
[7] On October 17, 2018, Judge Dee Benson ordered Petitioner to cure numerous deficiencies in the Complaint, gave him guidance on how to do so, and warned that a failure to correct the deficiencies would result in dismissal. ECF No. 9; *see also* ECF No. 19. Petitioner failed to do so, choosing instead to file responses seeking to explain why his Complaint was not deficient. *See* ECF Nos. 10, 15, 20, and 21.
[8] R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts.
[9] *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted).
[10] *In re McCormick*, No. 11-3071, 2011 U.S. App. LEXIS 20172, at *8 (10th Cir. Apr. 19, 2011).

2

"habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside."[11]

Having considered all relevant documents and law, the court concludes that Petitioner's pleading is frivolous and also does not meet the federal habeas standard of review. The Petition is therefore denied.

## 1. FRIVOLOUSNESS

The United States Supreme Court has observed that federal district courts have inherent authority to dismiss a frivolous case.[12] While pro se litigant's pleadings are construed liberally, the fact that Petitioner proceeds pro se does not shield Petitioner from dismissal for frivolousness.[13]

A claim "is frivolous if it lacks an arguable basis in law or fact."[14] "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted). The initial pleading here is subject to review pursuant to the inherent authority of this Court to ensure that that the case is not frivolous—i.e., involving "delusional and factually frivolous" allegations and resting on "an indisputedly meritless legal theory."[15]

---

[11] *United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) *(citing Day v. McDonough,* 547 U.S. 198, 202 (2006)).
[12] *See Mallard v. United States District Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (holding federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").
[13] *Freeman v. Davis,* 414 F. App'x 163, 165 (10th Cir. 2011) (unpublished). *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating legal frivolousness includes both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]"); *see Mallett v. United States*, 721 F. App'x 836, 865 (10th Cir. 2018) (frivolous habeas corpus petition); *Branch v. Crowther*, 708 F. App'x 963, 965 (10th Cir. 2018) (frivolous 2254 petition).
[14] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[15] *Mallett v. United States*, 721 F. App'x 836, 837 (10th Cir. 2018) (unpublished) (quotation marks omitted).

Petitioner's rationalizations for why his admitted years-long sexual molestation of a child is inherently not a crime are entirely baseless. So too are his claims that state law criminalizing his sexual assaults of a child somehow violates constitutional and human rights.[16] Petitioner's Complaint is frivolous.

## 2. STANDARD OF REVIEW

An alternative basis for dismissal is Petitioner's failure to meet the habeas standard of review. The standard of review to be applied in federal habeas cases is found in § 2254, under which this petition is construed to be filed. It states in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . .[17]

This "highly deferential standard" is "'difficult to meet,' because [the statute's] purpose is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems,' and not as a means of error correction."[18] "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is secondary and limited."[19] And, "[t]he petitioner carries the burden of proof."[20]

Under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is determining whether clearly established federal law exists relevant to Petitioner's claims.[21] Only after answering yes

---

[16] Petitioner attempts to analogize from *Lawrence v. Texas*, 539 U.S. 558 (2003), to support his claim. The case does not find or support a constitutional right to sexual activity with children.
[17] 28 U.S.C.S. § 2254(d) (2021).
[18] *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (citation omitted)).
[19] *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983).
[20] *Cullen*, 563 U.S. at 181.
[21] *House v. Hatch*, 527 F.3d 1010, 1017-18 (10th Cir. 2008); *see also Littlejohn v. Trammell*, 704 F.3d 817, 825 (10th Cir. 2013).

4

to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law."[22]

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.[23]

Further, in deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis.[24] If that threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's case."[25] This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established federal law.[26] "'Rather that application must also be unreasonable.'"[27] Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'"[28]

This highly demanding standard poses a sizable obstacle to habeas petitioners.[29] Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings."[30] A writ may issue when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's

---

[22] *Id.* at 1018.
[23] *Id.* at 1016.
[24] *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).
[25] *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)).
[26] *See id.*
[27] *Id.* (quoting *Williams*, 529 U.S. at 411).
[28] *Harrington*, 562 U.S. at 100 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).
[29] *Id.* at 786.
[30] *Id.*

precedents. It goes no farther."[31] To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[32]

The Petition completely ignores the standard of review. The Petition also does not begin to show that the Utah courts made any relevant error. Once again, the Petition is entirely meritless.

### 3. PENDING MOTION

Petitioner's motion to vacate the court's second order requiring him to amend his deficient Petition[33] raises no new arguments or issues. Rather, it reiterates previous responses filed with the court in which he attempts to explain why his Complaint was not deficient,[34] and again requests a hearing or appointment of counsel. Because the court has found the Petition meritless, this motion is denied.

### CONCLUSION

Petitioner's claims are frivolous and do not meet the § 2254 standard of review. Petitioner also has repeatedly failed to follow the court's previous orders.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DENIED** and the action **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that petitioner's [21] Motion to Vacate Court's Order is **DENIED**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

---

[31] *Id.*
[32] *Id.* at 786-87.
[33] ECF No. 19.
[34] *See* supra fn. 7.

DATED this 23rd of September, 2021.

                                      BY THE COURT

                                      _____
                                      JUDGE DAVID BARLOW
                                      United States District Court