THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SEAN CHRISTOPHER OWEN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA et al.,[1]<br><br>Respondents. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:18-cv-00434-DBB<br><br>District Judge David Barlow |

Petitioner, Sean Christopher Owen, requests federal habeas relief from his Utah state convictions. *See* 28 U.S.C.S. § 2254 (2024).[2] Respondent now moves for dismissal of the amended petition. (ECF Nos. 43, 46.) Petitioner responded to the Motion to Dismiss. (ECF No. 46-47.) Having carefully considered all relevant documents and law, the Court grants the motion.

## I. PROCEDURAL BACKGROUND

On September 10, 2013, Plaintiff received eight five-years-to-life sentences on five first-degree rape convictions and three forcible-sodomy convictions; and two one-to-fifteen-year sentences on two forcible-sexual-abuse convictions. *State v. Owen*, No. 111401870 (Utah Dist. Ct. Sept. 10, 2013) (docket).[3] "Petitioner did not . . . appeal." *Owen v. State*, No. 140418570,

---

[1] This case heading reflects how Petitioner styled his original initial pleading. (ECF No. 5.) However, Petitioner must clearly name his custodian (warden) as respondent. *See* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. The amended petition recognizes this, naming Warden Powell as Respondent. (ECF No. 43.)

[2] Section 2254 reads in pertinent part:
> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.S. 2254(a) (2024).

[3] Because neither party attached documentation to support the pleadings at issue, the Court draws dates and other information directly from Utah state-court dockets. (ECF Nos. 43, 46-47.) Respondent did not follow the Order to comply with Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, which

docket no. 10 (Utah Dist. Ct. filed July 31, 2015). On October 2, 2014, Petitioner filed a state post-conviction petition, which was summarily dismissed on July 30, 2015. *Owen*, No. 140418570 (docket). On September 8, 2015, Petitioner filed a notice of appeal. *Id.* On November 5, 2015, the Utah Court of Appeals entered an Order of Summary Dismissal, stating, "Having determined that we lack jurisdiction due to the untimeliness of the notice of appeal, we cannot consider the merits of the appeal." *State v. Owen*, No. 20150764-CA, slip op. (Utah Ct. App. Nov. 5, 2015). No record exists of a certiorari petition in the Utah Supreme Court.[4] *Owen*, No. 140418570 (docket). The initial pleading here was filed on June 25, 2018. (ECF No. 5.)

As this chronology shows, Petitioner took none of his challenges to the Utah Supreme Court.

Meanwhile, Petitioner's grounds in this amended federal petition are as follows:

(1) "Statutes under which petition was convicted are unconstitutional." (ECF No. 43, at 5.) Petitioner argues that the state codes under which he was convicted, all criminalizing "sexual conduct between an adult and a minor," are derived from "unsubstantiated assumptions of harm that are not based on fact and thus violate the 14th Amendment of the US. Constitution, specifically the Liberty Clause." (*Id.*) He concedes "[t]his issue was never directly addressed in state court," reasoning (a) "it is a federal constitutional issue"; (b) he "was denied the evidence to support the assertion"; and (c) he "was then unaware of the scientific studies which supported his original claim that 'the law is wrong' or not factual." (*Id.*)

(2) "Petitioner was denied evidence supporting his claims." (*Id.* at 7.) Regarding this issue, Petitioner states,

---

requires Respondent to include with its answer information on applicable transcripts, along with certain briefs, and "opinions and dispositive orders of the appellate court related to the conviction." (ECF No. 44, at 2.)
    [4] "[T]he review of a judgment, an order, and a decree . . . of the Court of Appeals shall be initiated by filing in the Utah Supreme Court a petition for a writ of certiorari to the Utah Court of Appeals." Utah R. App. P. 45(a).

2

> The judge excluded a video interview where the victim vehemently denied allegations of sexual abuse and harm simply because the victim was not specifically asked the question, though this does not change what was said. Second, the state alleged that the computer which had been seized in good working order was destroyed in their care. Third, the state deleted a video from the petitioner's phone when petitioner requested it. All of these pieces of evidence would've supported petitioner's claims that the victim was lying/perjuring herself and that the relationship was consensual and non-harmful.

(*Id.*) Petitioner apparently raised this challenge in his state post-conviction petition, stating, "By order of judge, by destruction, and by lack of diligence I was denied evidence." *Owen*, No. 140418570, docket no. 2, at 6 (filed Oct. 2, 2014).

(3) "Petitioner's victim was coerced into not only reporting the crime but portraying it as harmful." (ECF No. 43, at 8.) As to this issue, Petitioner asserts, "There exists substantial evidence, including evidence generated by the state, that the victim was not harmed by the criminal activity but was instead harmed by the state's actions to protect her and convince her to label the non-harmful sexual activity as abuse." (*Id.*) Petitioner apparently also raised this challenge in his state post-conviction petition, stating, "I believe [the] witness was coerced." *Owen*, No. 140418570, docket no. 2, at 6.

The state trial court summarily dismissed Petitioner's post-conviction petition, concluding, "All of these issues were either brought to the attention of the trial court, or could have been addressed at trial or on appeal." *Id.*, docket no. 10, at 2. The court pointed out that, though "Petitioner claim[ed] that evidence was withheld from him," he did not "identify that evidence specifically, or explain how it would have produced a different outcome at trial." *Id.* And, though Plaintiff asserted "his victim was coerced into providing testimony against him," he "provide[d] no evidence to support his claim." *Id.*

## II. ANALYSIS

"Because federal habeas review overrides the States' core power to enforce criminal law," the United States Supreme Court has "recognized that federal habeas review cannot serve as 'a substitute for ordinary error correction through appeal.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (10th Cir. 2022) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). Indeed, a federal habeas-corpus action is "an 'extraordinary remedy' that guards only against 'extreme malfunctions in the state criminal justice systems.'" *Id.* (quoting *Harrington*, 562 U.S. at 102). To hold federal habeas actions to their "narrow role," federal law limits them in several ways. *Id.* Two of the limits applicable here are exhaustion and procedural default. *See id.* at 1732.

### A. Exhaustion

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A) (2024); *see also Shinn*, 142 S. Ct. at 1727 ("A federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures."). "Exhaustion is a doctrine of comity and federalism 'dictat[ing] that state courts must have the first opportunity to decide a [habeas] petitioner's claims.'" *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 273 (2005)). To that end, "the 'substance of a habeas petitioner's federal claims must be fairly presented to the state courts before they can be raised in federal court, and petitioner bears the burden of demonstrating that he has exhausted his available state remedies.'" *McCormick*, 572 F.3d at 851 (quoting *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994) (citations omitted)); *see also Picard v. Connor*, 404 U.S. 270, 276 (1971) ("[W]e have required a state prisoner to present the state courts with

the same claim he urges upon the federal courts.").[5] A claim is exhausted by pursuing "'it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors.'" *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021) (quoting *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999))). This means that "the federal issue must be 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Jones v. Miller*, 613 F. App'x 695, 696 (10th Cir. 2015) (unpublished) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994)).

Here, because he neither raised this petition's grounds in a direct appeal nor pursued his state post-conviction petition all the way to the Utah Supreme Court, Petitioner did not present any of the issues to the highest Utah court available, the Utah Supreme Court. His claims before this Court are therefore unexhausted.

## B. Procedural Default

After deciding that a habeas petitioner has not exhausted claims in state court, a federal court usually dismisses unexhausted claims without prejudice so the petitioner may return to state court to exhaust those claims. *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006). But, when a petitioner "'failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" such "claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000)

---

[5]This requirement that any federal (constitutional) claims *must* be raised in state court before they are brought to federal court thwarts Petitioner's excuse that he did not bring his federal constitutional argument to state court for the very reason that it was a federal constitutional argument.

(quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)); *see also Shinn*, 142 S. Ct. at 1732 ("[T]o allow a state prisoner simply to ignore state procedure on the way to federal court would defeat the evident goal of the exhaustion rule.") This is called an "[a]nticipatory procedural bar." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("Anticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (cleaned up)); *see also Shinn*, 142 S. Ct. at 1732 ("If a state court would dismiss these claims for their procedural failures, such claims are technically exhausted because, in the habeas context, state-court remedies are exhausted when they are no longer available, regardless of the reason for their unavailability." (cleaned up)). "[T]he procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction . . . ." *Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Utah's Post-Conviction Remedies Act states in pertinent part:

> A person is not eligible for relief under this chapter upon any ground that:
> . . .
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief . . . .

Utah Code Ann. § 78B-9-106(1) (2024). Also, in general, "A petitioner is entitled to relief only if the petition is filed within one year after the day on which the cause of action accrued." *Id.* § 78B-9-107(1). And,

> the cause of action accrues on the later of the following [relevant] dates: (a) the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken; . . . or (c) the last day for filing a petition for writ of certiorari in the Utah Supreme Court . . ., if no petition for writ of certiorari is filed.

6

*Id.* § 78B-9-107(2). The timeline in the "Procedural Background" section above shows that December 6, 2015 was "the last day for filing a petition for writ of certiorari in the Utah Supreme Court," though Petitioner did not file a petition for writ of certiorari.[6] *See Owen*, No. 140418570 (docket). Thus, going forward, Petitioner would be foreclosed from filing another post-conviction petition in state court.

All Petitioner's issues were raised or could have been raised, either in a direct appeal or state post-conviction petition. And time has expired for Petitioner to file another post-conviction petition. Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

### C. Procedural Default Exceptions

"Once the state raises the [procedural default] affirmative defense, the burden shifts to the petitioner," who "may overcome the assertion of . . . an anticipatory procedural bar by demonstrating cause and prejudice or a fundamental miscarriage of justice." *Tryon*, 81 F.4th at 1139 (citation omitted); *see also Shinn*, 142 S. Ct. at 1728 ("To overcome procedural default, the prisoner must demonstrate 'cause' to excuse the procedural defect and 'actual prejudice' if the federal court were to decline to hear his claim." (quoting *Coleman*, 501 U.S. at 750)).

To show cause, a petitioner must illustrate "'something *external* to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply with the State's procedural rule.'" *Tryon*, 81 F.4th at 1139 (quoting *Maples v. Thomas*, 565 U.S. 266, 280 (2012)). To show prejudice, a petitioner must establish "not merely a substantial federal claim, such that the errors at trial created a *possibility* of prejudice, but rather that the constitutional violation worked to his *actual* and substantial disadvantage." *Shinn*, 142 S. Ct. at 1733 (cleaned

---

[6] "A petition for a writ of certiorari must be filed with the Supreme Court clerk within 30 days after the Court of Appeals' final decision is issued . . . ." Utah R. App. P. 48(a).

up); *Coleman*, 501 U.S. at 750. As to fundamental miscarriage of justice, a petitioner must credibly assert "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013).

Under a liberal reading of these *pro se* pleadings,[7] Petitioner essentially argues cause and prejudice--not actual innocence--may rescue his claims from the effects of procedural default. (ECF Nos. 43, at 5; 47.) These are the specific circumstances Petitioner possibly contends exempt him from procedural default: (1) He "was then unaware of the scientific studies which supported his original claim that 'the law is wrong' or not factual." (ECF No. 43, at 5.) (2) "[T]he history of this case demonstrates that the petitioner was unaware of what kind of petition to file and thus demonstrates his lack of legal knowledge." (*Id.* at 13-14.) (3) "Petitioner did not file with the Supreme Court of Utah because he mistakenly believed that it was the court which had denied his appeal." (ECF No. 47, at 2.) (4) He mistakenly believed he should file federal constitutional issues only in federal court. (*Id.*) (5) "[W]hile making errors attributable to his lack of knowledge, Petitioner has in fact diligently pursued his rights, most of which was done while fighting a documented major depression and suicidal thoughts which greatly hampered his efforts." (*Id.*) (6) "Until 9 months ago, Petitioner did not even have access to a law library[;] Petitioner still has no access to the internet or any way to access scientific journals where the studies in question were published." (*Id.* at 2-3.) (7) He "was denied the evidence to support the assertion" that laws that criminalize sexual conduct between adults and minors violate the Liberty Clause of the United States Constitution. (ECF No. 43, at 5.) (8) "[T]he admitted error of the contract attorneys, which is documented." (ECF No. 47, at 2.)[8]

---

[7] *Pro se* filings are afforded a liberal construction, but the Court may not act as Petitioner's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[8] Petitioner also asserts the following: "As to extraordinary circumstances, Petitioner has been held in captivity by Respondent, making the Respondent his clear adversary," who "keep[s] Petitioner isolated from society, including limiting Petitioner's access to information." (ECF No. 47, at 2.) But this is not an extraordinary

### i. Cause

Specific circumstances (1) through (6) all fall in the category of Petitioner's deficits, which are *internal* to him or are fairly attributable to him. *See Tryon*, 81 F.4th at 1139. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding), and vague and undocumented references to mental-health issues, are circumstances that do not carry Petitioner's burden to show cause. *See Quintana v. Hansen*, 733 F. App'x 439, 444 (10th Cir. 2018) (unpublished) ("Quintana hasn't provided the court with any medical records or evidence demonstrating his mental incompetence when he [procedurally defaulted]. So he hasn't shown cause."); *Gordon v. Farris*, 644 F. App'x 804, 805 (10th Cir. 2016) ("Mr. Gordon's own error cannot constitute 'cause' because it was not external to him." (citing *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (stating *pro se* status and lack of legal knowledge does not establish cause)); *Short v. Jones*, 246 F. App'x 586, 592 (10th Cir. 2007) (unpublished) (rejecting inmate's attempt to excuse default due to alleged lack of access to legal materials because he "failed to identify any act or omission by prison officials that would have barred his access to the courts"); *Gilkey v. Kansas*, 58 F. App'x 819, 822 (10th Cir. 2003) (unpublished) (holding limited knowledge of law--specifically, "lack of awareness and training on legal issues"--is insufficient to show cause for procedural default (quoting *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991)); *Bishop v. Colorado*, 12 F. App'x 807, 809 (10th Cir. 2001) (unpublished) (stating allegation of "chronic mental health disorder" insufficient to show cause to overcome procedural default); *Mosier v. Jones*, No. 11-CV-1716, 2011 U.S. Dist. LEXIS 95837, at *10 (D. Colo. Aug. 25, 2011) ("Mr. Mosier's conclusory references to a lack of legal knowledge and an unspecified mental health disability are not sufficient to demonstrate

---

circumstance; to the contrary, it is generally the circumstance of every federal habeas petitioner, that the inmate/petitioner is held in captivity by the respondent in the inmate's petition.

cause for his procedural default."). "Indeed, these are factors . . . that are *internal* to Petitioner's defense." *Ardon-Aguirre v. Sorensen*, No. 2:12-CV-914 DB, 2013 U.S. Dist. LEXIS 150269, at *11 (D. Utah Oct. 18, 2013) (emphasis in original).

Specific circumstance (8), as alleged by Petitioner, is "the admitted error of the contract attorneys, which is documented." (ECF No. 47, at 2.) However, "with respect to cause, attorney ignorance or inadvertence cannot excuse procedural default." *Shinn*, 142 S. Ct. at 1733 (cleaned up). "[I]n proceedings for which the Constitution does not guarantee the assistance of counsel at all, attorney error cannot provide cause to excuse a default." *Id.* (cleaned up); *cf. Maples*, 565 U.S. at 280 ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'")

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands.

### ii. Prejudice

Specific circumstance (7) concerns Petitioner's allegation that he "was denied the evidence to support the assertion" that laws that criminalize sexual conduct between adults and minors violate the Liberty Clause of the United States Constitution. (ECF No. 43, at 5.) But Petitioner's unsubstantiated and vague allegations of this denial of evidence reveal his failure to give crucial information, like names, dates, and time periods, nor does he suggest proof of "this deception." (ECF No. 47, at 2.) The state post-conviction court likewise concluded that Petitioner did not support his allegations with evidence. *Owen*, No. 140418570, docket no. 2, at 2. Petitioner fails to carry his burden of showing that an alleged denial of evidence "'worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, 57 F. App'x 781, 784 (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

### iii. Summary

Because Petitioner did not raise to the Utah Supreme Court any of his grounds for federal relief, his claims are procedurally defaulted and his arguments on the merits are futile. Indeed, the cause and prejudice issue is not whether Petitioner strongly believes there were errors--or whether there were indeed errors--in the state proceedings, but whether Petitioner was impeded by something external from complying with state procedures to allow his claims to first be heard by Utah courts. *See Tryon*, 81 F.4th at 1139. As to any such external circumstance alleged, the allegations must also be factually supported, along with details of how the circumstance worked to Petitioner's "*actual* and substantial disadvantage." *Shinn*, 142 S. Ct. at 1733 (cleaned up).

In sum, the Court concludes that Petitioner's federal habeas issues here are procedurally defaulted. And these issues do not qualify for the cause-and-prejudice exception to the procedural bar. The Court thus denies Petitioner federal habeas relief.

## III. CERTIFICATE OF APPEALABILITY

The Court next considers whether to issue a certificate of appealability (COA). *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant."). When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2024)). Petitioner has not made this showing.

## IV. CONCLUSION

Petitioner's challenges are procedurally barred and do not merit exceptional treatment. The Court thus denies Petitioner federal habeas relief.

**IT IS ORDERED** as follows:

**(1)** Respondent's Motion to Dismiss is **GRANTED**. (ECF No. 46.)

**(2)** This action is **DISMISSED** with prejudice.

**(3)** A certificate of appealability is **DENIED**.

DATED this 26th day of March, 2024.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court